IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEFFERY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-060 |
| | ) | |
| JOSE R. MORALES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Coastal State Prison in Garden City, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.    BACKGROUND

On January 18, 2012, a Richmond County grand jury indicted Petitioner for two counts of burglary pursuant to O.C.G.A § 16-7-1. (Doc. no. 8-4, pp. 52-54.) Petitioner pled guilty to both counts on June 14, 2012, and the trial court sentenced him concurrently on both counts to fifteen years of incarceration and five years of probation. (Doc. no. 8-4, pp. 146-47.) The trial court sentenced Petitioner under the recidivist provisions of O.C.G.A. §§ 17-10-7(a) and 17-10-7(c). (Id.) Attorney Penelope Donkar represented Petitioner at the plea hearing. (See doc. no. 8-5, pp. 102-31.)

Petitioner filed a *pro se* motion to withdraw his guilty plea on July 12, 2012, alleging his plea of guilty was not knowing and voluntary because his counsel rendered ineffective assistance of counsel by failing to challenge the arrest warrant.  (Doc. no. 8-5, pp. 35-38.)  Petitioner also filed a motion to modify sentence on July 30, 2012, claiming his plea was not knowing and voluntary because counsel failed to challenge the sufficiency of the State's notice to seek recidivist punishment.  (Doc. no. 8-5, pp. 56-59.)  The trial court appointed Attorney Peter Johnson to represent Petitioner.  (Doc. no. 8-5, p. 85.)  On January, 17, 2013, the trial court held a motion hearing concerning both motions.  (See doc. no. 8-8, pp. 32-34.)  Petitioner's defense counsel testified at the hearing, but Petitioner did not.  (Id.)  The court denied Petitioner's motions on January 18, 2013.  (Doc. no. 8-5, p. 134.)

Petitioner, through counsel, appealed the trial court's denial of the motion to withdraw his guilty plea.  (Doc. no. 8-9.)  The Court of Appeals affirmed, finding Petitioner's plea of guilty was knowing and voluntary and there was no basis for a claim of ineffective assistance of counsel.  (Doc. no. 8-11, pp. 2-4.)  The Georgia Supreme Court denied Petitioner's petition for a writ of certiorari on September 8, 2014.  Williams v. State, 2014 Ga. LEXIS 611 (Ga. Sept. 8, 2014).

Petitioner filed a state habeas petition *pro se* on May 15, 2014, in Washington County, amended the petition on October 8, 2014, and submitted a brief in support of the petition on November 18, 2014.  (See doc. nos. 8-1, 8-2, 8-3.)  Petitioner raised the following claims in his state habeas petition:

(1)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by accepting his plea of guilty without first addressing him personally and determining the plea was made voluntarily;

2

(2)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by accepting his plea of guilty without determining on the record that Petitioner understood the nature of the charges against him;

(3)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by accepting his plea of guilty without asking him "how do he [sic] plea" on the record;

(4)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by entering judgment upon him without inquiring into and finding a factual basis for the plea;

(Doc. nos. 8-1, 8-2.)  The state habeas court conducted an evidentiary hearing on November 18, 2014, at which Petitioner testified.  (See doc. no. 8-4, pp. 1-27.)  The state habeas court denied relief in a final order filed October 29, 2015.  (Doc. no. 8-6.)  The Georgia Supreme Court denied Petitioner's request for a certificate of probable cause to appeal ("CPC") on April 4, 2016.  (Doc. no. 8-7.)

        Petitioner then timely filed the above-captioned § 2254 petition *pro se*.  (Doc. no. 1.) Petitioner raises the following grounds for relief:

(1)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by accepting his plea of guilty without first addressing him personally and determining the plea was made voluntarily;

(2)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by accepting his plea of guilty without determining on the record that Petitioner understood the nature of the charges against him;

(3)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by accepting his plea of guilty without asking him "how do he [sic] plea" on the record;

(4)     the trial court deprived Petitioner of his Fourteenth Amendment Due Process rights by entering judgment upon him without inquiring into and finding a factual basis for the plea;

3

(5)     defense counsel rendered ineffective assistance of counsel by stating Petitioner wanted to plead guilty without his consent, rendering his guilty plea unknowing and involuntary.

## II.     STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if

4

> it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result.  A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted).  Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice."  White v. Woodall, 572 U.S. -, 134 S. Ct. 1697, 1702 (2014).  Rather, the habeas petition must show the state court decision was "objectively unreasonable."  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. -, 135 S. Ct. 1372, 1376 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").  A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct.  Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that

presumption "with clear and convincing evidence." <u>Nejad v. Att'y Gen., State of Ga.</u>, 830 F.3d 1280, 1289 (11th Cir. 2016) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-74 (2007)); <u>see also Reese v. Sec'y, Fla. Dep't of Corr.</u>, 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1) . . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." <u>Tharpe v. Warden</u>, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing <u>Wood v. Allen</u>, 558 U.S. 290, 301 (2010)).

## III.     DISCUSSION

### A.     Petitioner's Procedural Default

#### 1.     A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).   The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).  Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available.  McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court.  First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds.  "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment."  Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim.  Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law.  Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion.  The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine.  In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted).  Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default."  Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court.  In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default."  Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile."  See Bailey, 172

8

F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).  To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal.  See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows:  a failure to make timely objection to any alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus.").  In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition.  O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2. Petitioner's Claim of Ineffective Assistance of Counsel in Ground Five Is Procedurally Defaulted.

In Ground Five, Petitioner argues counsel provided constitutionally ineffective

assistance by stating to the trial court Petitioner wanted to plead guilty without his consent. (Doc. no. 6, p. 20.)  Petitioner's ineffective assistance claim in Ground Five is distinct from the claims raised in the state court.  Lucas, 682 F.3d at 1353 ("[A] general allegation of ineffective assistance or a specific allegation of ineffective assistance wholly unrelated to the ground on which the claim ultimately depends will [not] immunize a petitioner from a finding of procedural default.") (quoting Ogle v. Johnson, 488 F.3d 1364, 1369 (11th Cir. 2007).  Petitioner's claim is not based on new facts or new law and therefore would be barred as successive under O.C.G.A. § 9-14-51 if Petitioner were to attempt to raise it in a second state habeas petition.

In his motion to withdraw his guilty plea hearing and appeal, Petitioner argued his guilty plea was not knowing and voluntary because defense counsel failed to object to the arrest warrant and the State's recidivist notice.  (Doc. no. 8-5, pp. 35-38, 56-59; doc. no. 8-9, pp. 9-11.)  The state trial court found Petitioner's guilty plea to be knowing and voluntary and defense counsel was not ineffective during plea negotiations.  (Doc. no. 8-5, p. 286.) The state court of appeals held: (1) Petitioner's guilty plea was knowing and voluntary; (2) defense counsel was not ineffective in failing to challenge the arrest warrant; and (3) defense counsel was not ineffective in failing to challenge the recidivist notice.  (Doc. no. 8-11, pp. 3-4.)  Petitioner did not allege any grounds of ineffective assistance of counsel in his state habeas motions or hearing.  (Doc. nos. 8-1; 8-2; 8-3; 8-4, pp. 1-27.)  Despite having the opportunity to bring his claim under Ground Five in both his state motion to withdraw and habeas proceedings, Petitioner alleged the basis for Ground Five for the first time in his federal habeas petition.

10

Because this claim was not raised in the original state habeas proceedings and Petitioner would be procedurally barred if he attempted to raise it now in state court, it is procedurally defaulted and provides no basis for federal habeas relief.  See O.C.G.A. § 9-14-51; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139; Chambers, 150 F.3d at 1327.

### 3.     Petitioner Has Not Alleged Cause to Justify Federal Review of His Defaulted Claim in Ground Five, and the Miscarriage of Justice Exception Does Not Apply.

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)).  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S._, 132 S. Ct. 912, 922 (2012) (internal quotation marks omitted). "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

11

Trevino v. Thaler, 569 U.S._, 133 S. Ct. 1911, 1918 (2013); Martinez v. Ryan, 566 U.S. 1, 13-15 (2012).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496.  In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." 569 U.S. -, 133 S. Ct. 1924, 1933 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Petitioner does not submit any evidence that he is probably innocent of the burglaries to which he entered his plea.

Petitioner has presented no valid justification for failing to raise this claim in his state proceedings, let alone something external to him that cannot be fairly attributed to him. Indeed, as discussed above, Petitioner had chances to raise the issue in both his state motion to withdraw and habeas proceedings.  In addition, Petitioner can show neither prejudice resulting from the default nor that the claim is substantial, since the state habeas court found that his plea was otherwise knowing and voluntary.  (Doc. no. 8-6, pp. 2-3.)  Accordingly, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of the claim in Ground Five.  Likewise Petitioner has not shown that a

miscarriage of justice will occur if the Court does not consider this claim.  Accordingly, this claim in the instant § 2254 petition has been defaulted and provides no basis for federal habeas relief.

> **B.     Applying AEDPA Deference to the Claims in Ground One to Four that Were Previously Rejected by the State Court, Federal Habeas Relief Is Not Warranted.**
>
> > **1.     The State Court's Determination Petitioner Entered a Knowing and Voluntary Guilty Plea Was Not Objectively Unreasonable.**

In Grounds One through Four of the federal petition, Petitioner argues his plea was invalid because: (1) the trial court accepted the plea of guilty without first addressing Petitioner personally to determine the plea was made voluntarily; (2) the trial court accepted the plea of guilty without determining on the record Petitioner understood the nature of the charges against him; (3) the trial court accepted the plea of guilty without asking Petitioner "how do he [sic] plea;" and (4) the trial court entered judgment without inquiring into and finding a factual basis for the plea.  (Doc. no. 1, p. 5.)  These Grounds were raised in Petitioner's state habeas motion.  (Doc. no. 8-3, pp. 10-17.)  The state habeas court denied relief and determined Petitioner did not present any evidence his plea was unknowing or involuntary. (Doc. no. 8-6, p. 2.) The Georgia Supreme Court denied the request for a CPC, an adjudication on the merits that warrants the deferential standard of review prescribed by § 2254(d).  See Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235, 1239 (11th Cir. 2016), *cert. granted*, 137 S. Ct. 1203 (U.S. Feb. 27, 2017) (No. 16-6855).  Although the summary denial of the CPC by the Georgia Supreme Court is the final state court adjudication on the merits, id. at 1235, this Court may look to the previous opinion of the

state habeas court "as one example of a reasonable application of law or determination of fact." Id. at 1239.  In this way, the Court can use the previous opinion "as evidence that the relevant state court decision under review is reasonable." Id.

A plea of guilty constitutes a waiver of several basic constitutional rights, including the right to a trial by jury, the privilege against self-incrimination, and the right to confront one's accusers. See Boykin v. Alabama, 395 U.S. 238, 243 & n.5 (1969).  In Boykin, the Supreme Court held that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. See id. at 242-43.  A guilty plea "is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991).  The Court is also guided by AEDPA's mandate that factual determinations made by a state court are presumptively correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe, 834 F.3d at 1336.

The state habeas court had a reasonable basis for determining Petitioner's plea was intelligent, knowing, and voluntary.  (Doc. no. 8-6, p. 2.)  The state habeas court found the trial court reviewed Petitioner's signed waiver of rights and engaged in a "thorough

14

colloquy" with Petitioner before finding the plea was knowingly and voluntarily entered. (Id.)   The state habeas court also noted that the signed waiver of rights form included provisions indicating Petitioner knew he was waiving his right to trial by jury, understood the nature of the charges against him, and was not coerced into pleading guilty.  (Id. at 2-3.)  The state habeas court found that the trial court heard the factual basis for the plea, which was confirmed by Petitioner on the record.  (Id. at 3.)

Furthermore, the state habeas court's findings are well-supported by the record.  In Blackledge v. Allison, 431 U.S. 63 (1977), the Supreme Court stated:

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Id. at 73-74.

As to Ground One of the petition, there is no merit to Petitioner's claim the trial court did not address him personally during the colloquy. The plea transcript clearly shows the trial court questioned Petitioner personally throughout the colloquy.  (Id. at 121-28.)

As to Ground Two, there was a reasonable basis for finding Petitioner understood the nature of the charges against him.  "Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty." Bradshaw, 545 U.S. at 2405-06.  Here, Petitioner signed and initialed throughout a plea of guilty acknowledgement and waiver of rights form, wherein he indicated the indictment had

15

been explained to him and he "fully underst[ood] the nature of the charges" against him.  (Id. at 196.)  Defense counsel also signed the form, indicating she "discussed the facts and the elements of the crimes" Petitioner faced.  (Id. at 198.)  Petitioner affirmed to the court he reviewed each question in the waiver of rights form with his attorney and signed the form asking the court to accept his guilty plea.  (Id. at 124.)  Defense counsel also confirmed she had enough time to discuss the case with Petitioner and he understood the rights he was waiving.  (Id. at 127.)  Thus, the record is sufficient to show Petitioner was explained the nature of the charges against him prior to his plea.

In Ground Three, Petitioner argues the court should have asked him "how do he [sic] plea" prior to accepting the guilty plea.  However, due process does not require courts to elicit an express guilty plea where the record indicates the defendant intended to plead guilty.  See United States v. Moriarty, 429 F.3d 1012, 1020 (11th Cir. 2005) ("[Petitioner] does not cite, and we do not fine, anything in the record indicating that he meant to plead other than guilty.  Thus, the district court's failure to elicit an express declaration of [petitioner's] guilty plea was not plain error.")  Petitioner signed both a change of plea form (doc. no. 8-4, p. 195), and a petition for acceptance of guilty plea indicating his desire to plead guilty. (Doc. no. 8-4, pp. 195, 200.)  Petitioner signed and initialed throughout a plea of guilty acknowledgement and waiver of rights form.  (Id. at 196-99.)  There, Petitioner indicated he made the decision to plead guilty "freely and voluntarily" and wanted to plead guilty to the charges.  (Id.)  During the colloquy, Petitioner affirmed he was "ready to go forward" with his guilty plea.  (Doc. no. 8-5, p. 121.)  Petitioner affirmed he reviewed each question in the waiver of rights form with his attorney and signed the form asking the court to accept his

16

guilty plea.  (<u>Id.</u> at 124.)  Finally, Petitioner asked the court to consider giving him "some treatment" and "hav[ing] mercy" on him during sentencing.  (<u>Id.</u> at 129.)   The court confirmed Petitioner understood the rights he was waving before determining on the record the guilty plea was made knowingly, intelligently, and voluntarily.  (<u>Id.</u> at 124-27.)  Here, based on the record, there is no question Petitioner intended to plead guilty.

Finally, Petitioner argues in Ground Four the court entered judgment without inquiring into and finding a factual basis for the plea.  Again, the record clearly indicates the district attorney set forth the factual basis for the charged crimes and Petitioner confirmed the factual allegations were accurate.  (<u>Id.</u> at 121-122.)  The court accepted the factual basis for the plea before accepting Petitioner's guilty plea.  (<u>Id.</u> at 127.)  Thus, there is no basis for Petitioner's claim.

Furthermore, Petitioner frequently cites <u>McCarthy v. United States</u>, 394 U.S. 459 (1969), in support of his Grounds.  However, <u>McCarthy</u> does not apply to this case.  The Supreme Court in <u>McCarthy</u> reversed and remanded the defendant's conviction based on Fed. R. Crim. P. 11 where the District Court did not personally question the defendant regarding his understanding of the nature of the charge and consequences of the plea.  <u>Id.</u> at 466-67, 472.  The <u>McCarthy</u> Court stated explicitly the Rule 11 requirements have "not been held to be constitutionally mandated" and did not reach the defendant's constitutional arguments.  <u>Id.</u> at 464-65.  Rule 11 does not apply to state proceedings, such as Petitioner's plea hearing.  <u>Stano</u>, 921 F.2d at 1141.  Therefore, Petitioner's reliance on <u>McCarthy</u> is misplaced.

17

Petitioner fails to explain how the state court's conclusion was an unreasonable application of Boykin. He has merely reasserted the identical grounds that were raised in his state habeas petition. Thus, the state habeas court's determinations are entitled to AEDPA deference under § 2254(d)(1).

>    **2.    The State Court's Determination Petitioner Entered a Knowing and Voluntary Guilty Plea Was Not Based on An Unreasonable Determination of The Facts.**

Petitioner contends in his brief the state habeas court did not offer a full and fair hearing and its decision is based on an unreasonable determination of facts. (Doc. no. 6, pp. 16, 18.) Petitioner claims: (1) the state failed to call his defense counsel as a witness and give Petitioner an opportunity to cross-examine defense counsel; (2) the state habeas court received his brief as an exhibit instead of a filing, which would have required the State to respond; (3) the state habeas court made its decision without the transcript of his motion to withdraw plea hearing; (4) the state habeas court denied relief without stating findings of fact and conclusions of law; and (5) the state habeas court's decision was based on unreasonable determinations of fact. (Id. at 16-18.)

As noted above, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)).

Furthermore, following the passage of AEDPA, "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review." Valdez v. Cockrell, 274 F.3d 941, 951 (5th Cir. 2001); Landers v. Warden, Att'y Gen. of Ala., 776 F.3d 1288, 1299 (11th Cir. 2015). Thus, a petitioner's claim that the state hearing was not full and fair can avoid AEDPA deference only when the court's fact-finding procedure was so inadequate as to render its factual determinations unreasonable. See Landers, 766 F.3d at 1297-99.

None of Petitioner's claims are sufficient to show the state habeas court's findings of fact were unreasonable. First, Petitioner argues the hearing was not full and fair because the State did not call his defense counsel as a witness so he could cross-examine her. (Doc. no. 6, p. 16.) At the state habeas hearing, Petitioner had the opportunity to present witness testimony but failed to do so. (Doc. no. 8-4, p. 4.) Furthermore, Petitioner did not object or request more time to obtain the presence of witnesses. (Id.) Additionally, Petitioner's claims before the state habeas court were based on alleged errors by the trial court, not by defense counsel, (doc. no. 8-4, pp. 12-21), so it is unclear what, if any, relevance defense counsel's testimony would have had. In short, Petitioner does not state how defense counsel's testimony would have undermined the state habeas court's decision.

Second, Petitioner claims the state habeas hearing was not full and fair because his brief in support of his petition was admitted as an exhibit and not as a filing, which would have required a reply by the State. (Doc. no. 6, p. 17.) Petitioner did not object when the state habeas court decided to receive Petitioner's brief as an exhibit. (Doc. no. 8-4, p. 11.) Petitioner does not allege that the state habeas court's determination of fact was affected by

19

the decision to admit the brief as an exhibit.  Thus, Petitioner's argument does not support the contention the state habeas court made an unreasonable determination of fact.

Petitioner also argues the state habeas hearing was not full and fair because the State did not present the transcript of Petitioner's hearing for the motion to withdraw his guilty plea.  (Doc. no. 6, p. 17.)  Petitioner and Respondent submitted more than 350 pages of exhibits to the court, including Petitioner's motion to withdraw the guilty plea and the court's order denying the motion.  (See doc. nos. 8-4, 8-5.)  Petitioner did not seek to submit the transcript of the motion hearing and did not object to its absence on the record.  (Doc. no. 8-4, pp. 10-11.)  Petitioner only faults the State for not submitting the transcript, even though Petitioner bore the burden of proof at the hearing.  (Doc. no. 8-4, p. 5.)  Because Petitioner has not alleged what, if any, effect on the state habeas court's decision the motion transcript would have had, there is no basis for finding the state habeas court made an unreasonable determination of fact.

Additionally, Petitioner contends the state habeas court failed to state findings of fact and conclusions of law in its final order regarding all four grounds alleged.  (Doc. no. 6, pp. 17-18.)  The state habeas court's final order sets forth findings of fact and conclusions of law for each ground.  (Doc. no. 8-6.)  Regarding Grounds One through Three, the state habeas court held Petitioner's plea was knowingly and voluntarily entered, basing its decision on the habeas hearing, plea transcript, and signed waiver of rights form.  (Id. at 2-3.)  The court also determined there was no merit to Ground Four of the petition based on the transcript of the plea.  (Id. at 3.)  Thus, Petitioner's argument is without support in the record.

Finally, Petitioner asserts generally the state habeas court's decision was based on an unreasonable determination of the facts. (Doc. no. 6, p. 17.) Petitioner does not state which determinations were unreasonable or why they were unreasonable. Without detailed claims, Petitioner's argument is merely conclusory.

In sum, Petitioner fails to explain how the state court's decision was an unreasonable application of <u>Boykin</u> or based on an unreasonable determination of the facts in light of the evidence presented. Nor has Petitioner presented any clear and convincing evidence to rebut the presumptive correctness of the state habeas court's factual determinations. Accordingly, the Court concludes Petitioner's guilty plea was knowing and voluntary, and Petitioner is not entitled to federal habeas relief in connection with his claims in Grounds One through Four.

### C.     Fed. R. Crim. P. 11 Does Not Apply to Petitioner's Case.

Petitioner claims throughout his brief in support of this federal habeas petition his rights under Fed. R. Crim. P. 11 were violated by the trial court. (Doc. no. 6, pp. 6-10.) The Federal Rules of Criminal Procedure do not apply to state proceedings unless the rule so states. Fed. R. Crim. P. 1(a)(2). Rule 11 does not apply to state proceedings. Fed. R. Crim. P. 11; <u>Stano</u>, 921 F.2d at 1141. Therefore, Petitioner's claims that his rights were violated under Fed. R. Crim. P. 11 are without merit.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a

21

final judgment be **ENTERED** in favor of Respondents.

SO ORDERED this 26th day of October, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

22